NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| STEVEN M. HILL, <br><br>      Plaintiff <br><br>   v. <br><br> CAMDEN COUNTY DEPT. OF CORRECTIONS, et al., <br><br>      Defendants | Civil No. 23-21067 (RMB/SAK) <br><br> **OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon the civil rights complaint brought under 42 U.S.C. § 1983 (Docket No. 1) by *Pro Se* Plaintiff Steven M. Hill, who was a pretrial detainee confined in Camden County at the time he filed his complaint.  Plaintiff submitted an application under 28 U.S.C. § 1915(a) (Docket No. 1-1), which establishes his financial eligibility to proceed without payment of the filing fee ("IFP App."), and the application will be granted.  For the reasons discussed below, the Court will dismiss the complaint without prejudice.

## I.    SCREENING FOR DISMISSAL

When IFP status is granted to a plaintiff, the court must review the complaint and dismiss any claims that are:  (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is

immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The standard of dismissal for failure to state a claim on which relief may be granted under § 1915(e)(2)(B) is the same as the standard for a motion to dismiss under Federal Rule 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).  Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  (*Id.*) (quoting *Bell Atlantic*, 550 U.S. at 556).

## II.    DISCUSSION

### A.    The Complaint

Plaintiff alleges the following facts in his complaint, accepted as true for purposes of screening the complaint for dismissal.  On October 29, 2022, C.F.G. Medical Service released an inmate from the medical department into the general population at Camden County Correctional Facility.  The inmate was wearing a medical boot that could be used as a weapon and posed a danger to other inmates. Corrections officers placed the inmate in Plaintiff's cell, which was already occupied by two inmates and was designed to hold two people.  The inmate used his medical boot to kick Plaintiff in the mouth and caused severe damage, including loss of teeth.

The inmate who assaulted Plaintiff was discharged from Camden County Correctional Facility without being criminally prosecuted.

### B.    Elements of § 1983 Claim

To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  The defendants named in the complaint are Camden County Department of Corrections and C.F.G. Medical Service.  The Court construes the complaint as alleging violation of the Fourteenth Amendment Due Process Clause by failing to protect Plaintiff's safety.

A department of corrections is a subunit of a state or local government and is not a legal entity that can be held liable under 42 U.S.C. § 1983.  *Bermudez v. Essex Cnty. D.O.C.*, No. CIV..A 12-6035 FLW, 2013 WL 1405263, at *5 n. 3 (D.N.J. Apr. 4, 2013) (collecting cases).  Therefore, the § 1983 claim against the Camden County Department of Corrections will be dismissed with prejudice.  If Plaintiff can allege facts sufficient to suggest that his constitutional injury was caused by a policy or custom of a local government, he may bring a § 1983 claim against the local government responsible for the policy or custom.  *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690–91 (1978).

Plaintiff also seeks to hold C.F.G. Medical Service liable for his injury.  The Eighth Amendment of the Constitution imposes a duty on prison officials to "take

reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "A prisoner has a valid failure-to-protect claim if the prison official shows 'deliberate indifference' to a substantial risk of serious harm to an inmate.'" *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014) (quoting *Farmer*, 511 U.S. at 828). The Third Circuit, in nonprecedential opinions, applies the Eighth Amendment deliberate indifference standard to failure to protect claims brought by pretrial detainees under the Fourteenth Amendment. *Milton v. Clinton Cnty. Corr. Facility*, No. 4:21-CV-01479, 2022 WL 2823562, at *3 (M.D. Pa. July 19, 2022) (collecting cases). For purposes of screening the complaint, the Court will assume C.F.G. Medical Service is a state actor.

Employers are not vicariously liable under § 1983 for the acts of their employees. *See, e.g.*, *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003). To hold an employer liable under § 1983, a plaintiff must allege that the employer had a specific policy or custom that caused the plaintiff's constitutional injury. *Id.* Plaintiff alleges it was corrections officers, not C.F.G. employees, who decided to place the inmate who was wearing a medical boot in Plaintiff's cell. Therefore, the complaint fails to state a § 1983 claim against C.F.G. Medical Service.

## III.    CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's IFP application and dismiss the complaint without prejudice.  The Court will grant Plaintiff leave to file an amended complaint.


 An appropriate Order follows.

DATE: **January 31, 2024**               s/Renée Marie Bumb
                                         Renée Marie Bumb
                                         Chief United States District Judge